RECEIVED DEC - 6 2002 ROBERT H. SHEMWELL, CLERK WESTERN DISTRICT, SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT WESTERN DISTRICT OF LOUISIANA FILED DEC 0 6 2002 ROBERT H. SHEMWELL, CLERK BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LINDA A. FULLER | CIVIL ACTION NO. **CV02-2509-S** |
| Plaintiff | |
| VERSUS | JUDGE: **JUDGE WALTER** |
| CENTURYTEL SOLUTIONS, INC. | MAGISTRATE: **MAGISTRATE JUDGE PAYN** |
| Defendant | **JURY DEMAND** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LINDA A. FULLER ("Fuller" or "Plaintiff") who shows as follows:

### I. JURISDICTION

1.  This is an action for declaratory, injunctive and monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq*. Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331 and 1343. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### II. PARTIES

2.  Plaintiff, Linda Fuller, is an adult female citizen of the United States and the State of Louisiana. She is domiciled in Shreveport, Caddo Parish, Louisiana.



3. Made Defendant herein is CenturyTel Solutions, Inc., a corporation organized under the laws of the State of Louisiana who may be served through CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana 71203.

4. At all times referred to in this Complaint, the Defendant was engaged in an industry affecting commerce and employed fifteen (15) or more employees. Defendant is Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e(b), La. R.S. 23:301 et seq., and La. R.S. 51:2256.

### III. FACTUAL ALLEGATIONS

5. Plaintiff was employed by Defendant from approximately March 19, 2001 through May 16, 2002, with her last job position being service delivery coordinator.

6. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to comments that she believed constituted racial discrimination by her supervisor and which, combined with other conduct, created a hostile work environment. During the course of her employment with Defendant, Plaintiff also believed she was being denied promotions and/or job opportunities and/or being unfairly treated due to her race.

7. In early December, 2001, Plaintiff complained to management about her perceptions of racial discrimination.

8. Despite her complaints, no remedial action was taken, and the discrimination continued.

9. When further incidents occurred creating a racially hostile work environment, Plaintiff filed a charge with the Equal Employment Opportunity

Commission alleging racial discrimination and retaliation. This charge was filed on May 3, 2002.

10. On May 16, 2002, Plaintiff's employment with Defendant was terminated allegedly for "failing to follow a reasonable request of her employer/supervisor with regard to her work." In fact, Plaintiff's employment was terminated in retaliation for her complaints of racial discrimination.

11. The actions taken toward Plaintiff created a hostile work environment for Plaintiff and were based upon Plaintiff's race and/or Plaintiff's opposition to race discrimination.

15. As a result of the foregoing, Plaintiff has suffered emotional distress and associated physical health problems.

## IV. ADMINISTRATIVE PREREQUISITES

16. Plaintiff filed a charge of discrimination with the Louisiana Human Rights Commission and the Equal Employment Opportunity Commission within 180 days of the discriminatory employment practices described in this Complaint.

17. Plaintiff received her notice of right to sue on September 19, 2002, a copy of which is attached hereto and made a part hereof as Exhibit "A."

## V. CAUSES OF ACTION

18. The actions, conduct and practices of Defendant complained of herein constitute purposeful discrimination against Plaintiff based upon her race and/or retaliation for opposition to race-based discrimination in violation of 42 U.S.C. §§2000e-2 and 2000e-3, La. R.S. 23:301 *et seq.*, and La. R.S. 51:2256.

19.  Defendant's actions constituted intentional infliction of emotional distress in that said actions were extreme and outrageous, resulting in the suffering of severe emotional distress by Plaintiff, and the perpetrators either desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

20.  Defendant's are liable for the actions of its managers, and its other employees complained of herein, under the doctrine of respondeat superior because said actions were within the course and scope of their employment.

21.  Defendant's actions complained of herein constitute a tort under Louisiana Civil Code art. 2315.

22.  Plaintiff has no adequate remedy at law for the harm she has suffered as a result of the discriminatory practices of Defendant set forth herein.

## VI.  JURY TRIAL DEMANDED

23.  Plaintiff demands a trial by jury as to all matters permitted by law.

## VII.  RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A)  That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e et. seq., La. R.S. 23:301 et seq., and La. R.S. 51:2256, and otherwise inculpatory and illegal;

(B)  That the Court order Defendant to cease the discriminatory and retaliatory practices enumerated herein and enjoin Defendant from engaging in further discrimination or retaliation against Plaintiff because of her race or her efforts to oppose Defendant's discriminatory practices;

(C) That Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination or retaliation against her.

(D) That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a, La. R.S. 23:303, and La. R.S. 51:2264.

(E) That Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k), La. R.S. 23:303 and La. R.S. 51:2264.

(F) That Plaintiff be awarded punitive damages pursuant to 42 U.S.C. Section 1981a.

(G) For trial by jury for those matters triable to a jury; and

(H) That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DAVIDSON, JONES & SUMMERS
509 Market Street, Suite 800
Shreveport, Louisiana 71101
(318) 424-4342

Allison A. Jones, Bar No. 16990

By: _____
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| LINDA A. FULLER | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| VERSUS | : | JUDGE: |
| CENTURYTEL SOLUTIONS, INC. | : | MAGISTRATE: |
| Defendant. | : | **JURY DEMAND** |

STATE OF LOUISIANA

PARISH OF CADDO

### VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared Linda A. Fuller, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
LINDA A. FULLER

SWORN TO AND SUBSCRIBED before me, Notary Public, this 5th day of ____December____, 2002.

_____
NOTARY PUBLIC

6

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Linda A. Fuller<br>10216 Castanedo Court<br>Keithville, LA 71047 | From: Equal Employment Opportunity Commission<br>New Orleans District Office<br>701 Loyola Avenue, Suite 600<br>New Orleans, LA 70113-9936 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 270-A2-01470 | John L. Berendsen, Supervisory Investigator | 504/589-6034 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

-- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.** (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

Patricia T. Bivins, District Director

09.19.02 (Date Mailed)

Enclosure(s)

cc: Scott T. Cliff, Respondent's Attorney
    CenturyTel Solutions, LLC

GS/gs/#Y2K:A2.01470DisNCLOD

EEOC Form 161 (10/96)